**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE SILVER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-cr-00001-D-1)

Submitted:  October 29, 2019                  Decided:  November 6, 2019

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Silver pled guilty, pursuant to a plea agreement, to interfering with commerce by robbery ("Hobbs Act robbery"), and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a), 2 (2012) (Count 1), and using and carrying a firearm in furtherance of a crime of violence, to wit: Hobbs Act robbery, and brandishing the firearm, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012). The district court sentenced Silver to 60 months' imprisonment on Count 1—the upper middle of the Guidelines range—and a consecutive 84 months on Count 2, the mandatory statutory minimum for that offense. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Silver's guilty plea was valid and whether his sentence was substantively reasonable. Silver was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief. For the reasons that follow, we affirm.[*]

Because Silver did not assert in the district court any error in the plea proceedings or move to withdraw his guilty plea, we review the adequacy of his plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Silver must demonstrate that the district court erred, the error was plain, and it

---

[*] Although we previously held this appeal in abeyance pending our decision in *United States v. Ali*, No. 15-4433, we conclude that continued abeyance and supplemental briefing is no longer necessary in light of our decision in *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019) (holding that Hobbs Act robbery is crime of violence under § 924(c)'s force clause). Therefore, we deny counsel's motion for supplemental briefing.

affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013); *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. *Massenburg*, 564 F.3d at 343. Even if these requirements are met, we will "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Silver's guilty plea, which Silver entered knowingly and voluntarily.

Turning to Silver's sentence, counsel asserts that Silver's sentence is substantively unreasonable because the district court should have found that Silver's criminal history category overstated the seriousness of his criminal past and, on that basis, imposed a sentence at the low end of the Guidelines range on Count 1. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id*. at 49-51.

3

Our review of the sentencing transcript revealed no procedural errors. The court accurately calculated Silver's advisory Guidelines range, gave the parties the opportunity to present argument and Silver the chance to allocute, considered the § 3553(a) factors, and adequately explained its reasons for imposing the within-Guidelines sentence. Thus, we conclude that Silver's sentence is procedurally reasonable.

Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id*. at 51. To be substantively reasonable, the selected sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The ultimate question is "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "[T]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Simms*, 914 F.3d 229, 260-61 (4th Cir. 2019) (citing *Gall*, 552 U.S. at 51), *cert. denied*, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019).

Silver had a criminal history score of 35, placing him in criminal history category VI. Counsel for Silver argues that, because he only had one felony conviction, the district

4

court should have concluded that Silver's criminal history was overstated. She contends that a sentence at the bottom of the Guidelines range on Count 1 would have been sufficient, but not greater than necessary, to comply with the sentencing objectives of 18 U.S.C. § 3553(a), in light of Silver's mandatory consecutive sentence of at least seven years on Count 2.

In fashioning Silver's sentence, the district court addressed the nature and circumstances of the offenses and Silver's history and characteristics, § 3553(a)(1), noting that Silver had sustained a large number of convictions for various crimes in the 12 to 13 years preceding his current charges, resulting in 35 criminal history points when having as few as 13 points would have placed him in criminal history category VI. And while acknowledging that a number of Silver's crimes were for less serious offenses, the court expressed concern with his two convictions for fleeing or eluding arrest with a motor vehicle and his conviction for carrying a concealed weapon, emphasizing that his current offenses were his most serious crimes to date. The court considered defense counsel's argument that Silver had a work history, but also noted that the state courts had been lenient with Silver and that he continued to commit crimes, and the court took into account Silver's alcohol and drug problems. In light of the entire record, particularly taking into account that Silver's criminal activity culminated with a violent firearm offense, the court concluded that it was necessary to impose a sentence that would: promote respect for the law and provide just punishment for the offenses, § 3553(a)(2)(A); provide deterrence, § 3553(a)(2)(B); and protect the public, § 3553(a)(2)(C). We conclude that the court did not abuse its discretion by determining that a sentence at the high middle of the Guidelines

5

range would meet these sentencing goals and that Silver has not met his burden of rebutting the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Silver, in writing, of the right to petition the Supreme Court of the United States for further review. If Silver requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Silver.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*